FILED: 8/9/2019 9:49 AM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Justin Rhodes

Cause No. B190299-C

| | | |
|---|---|---|
| DONNA LOUVIER | § § § § | IN THE JUDICIAL DISTRICT |
| VS. | § | ORANGE COUNTY, TEXAS |
| STATE FARM LLOYDS | § § | 163rd DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DONNA LOUVIER, hereinafter referred to as Plaintiff, and complains of STATE FARM LLOYDS, hereinafter referred to as Defendant, and as grounds would show unto the court the following:

**I.**

Plaintiff intends that discovery be conducted under Level III, Texas Rule of Civil Procedure 190.4.

**II.**

Plaintiff, DONNA LOUVIER, is the owner of the business property made the subject of this suit, which is situated in Orange County, Texas.

Defendant, STATE FARM LLOYDS, is a corporation doing business in the venue and jurisdiction of this Court, who may be served by serving its registered agent/attorney for service: Corporation Service Company, 211 E 7th Street, Suite 620, Austin, TX 78701-3218.

**III.**

The Court has jurisdiction over Defendant, STATE FARM LLOYDS because Defendant is a company doing business in the State of Texas and has purposefully established minimum contacts with the State of Texas. The court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the court.

**IV.**

Venue is proper in Orange County, Texas because the events made the basis of this suit took place in Orange County, Texas and the property made the subject of this claim is located in Orange County, Texas.

**V.**

This lawsuit is brought against Defendant insurance carrier for recovery of costs of repair to Plaintiff's residence caused by Hurricane Harvey. STATE FARM LLOYDS, Defendant, sold a policy of homeowner's insurance to Plaintiff and contracted to indemnify Plaintiff for all losses caused by windstorm. On or about August 29, 2017, Hurricane Harvey caused extensive damages to Plaintiff's residence located at 3042 Parish Cemetery Road, Orange, Orange County, Texas. Such costs of repair are estimated to be $137,388.05. Plaintiff made proper claim for all costs of repair as required under the policy and allowed Defendant insurance company representatives and adjusters access to the property for thorough inspection and appraisal. To date, Defendant STATE FARM LLOYDS, its agents, servants, employees and representatives have failed

to indemnify and compensate Plaintiff for her costs of repair.

**VI.**

Plaintiff brings this suit pursuant to Articles 541 and 542, et seq. of the Texas Insurance Code for all costs of repair and damages to their residence caused by Hurricane Harvey. The evidence will likely show:

1) Defendant and its representatives knowingly misrepresented to claimants pertinent facts or policy provisions relating to the coverage at issue;

2) Defendant and its representatives failed to acknowledge with reasonable promptness pertinent communications relating to the claim;

3) Defendant and its representatives failed to adopt and implement reasonable standards for the prompt investigation of the claim;

4) Defendant and its representatives failed to attempt in good faith, a prompt, fair and equitable settlement of the claim submitted in which liability has become clear;

5) Defendant and its representatives have compelled claimants to institute suit by offering substantially less than the amounts Plaintiffs will likely recover in suit;

6) Defendant and its representatives have negligently or intentionally refused to pay the proper amount due under the policy.

The foregoing acts and omissions were a proximate cause of Plaintiff's damages.

## VII.
## DAMAGES

Plaintiff would show that the reasonable and necessary costs of repair caused by Hurricane Harvey are $137,388.05 for which suit is brought. Plaintiff further alleges that additional cost of repairs will likely be found as construction proceeds on the residence.

## VIII.
## EXPENSES

Plaintiff brings this lawsuit for recovery of all costs of expenses related to the lawsuit and for all statutory penalties, interest and punitive damages allowed by law.

## IX.
## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein and that upon final hearing, Plaintiff has judgment over and against the Defendant, judgment for all damages and injuries alleged herein which are in excess of the minimum jurisdictional limits of this Court, and further that Plaintiffs have over and against all named Defendant herein such judgment together with punitive damages, prejudgment interest, post-judgment interest at the legal rate of interest, attorney's fees that are reasonable and necessary that are allowed by law, costs of Court, all other damages as allowed by law and for such other and further relief, both general

and specific, in law and in equity, for which Plaintiff may show herself justly entitled.

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY.**

                                Respectfully submitted,

                                DIES LAW OFFICES

                                DAVID DIES
                                State Bar #05850800
                                1703 Strickland Drive
                                Orange, Texas 77630
                                rherford@dieslaw.com
                                (409) 883-0892
                                (409) 670-0888 - Facsimile

                                ATTORNEYS FOR PLAINTIFF